(80 Misc. Rep. 335.)

TROMER v. BADER et al.

(Supreme Court, Special Term, New York County. April, 1913.)

1. FRAUDULENT CONVEYANCES (§ 276*)—TRANSFER OF STOCK OF MERCHANDISE —PRESUMPTION.

Where a stock of merchandise was transferred in payment of a pre-existing debt, without notice of the contemplated transfer having been given as required by Personal Property Law (Consol. Laws 1909, c. 41) § 44, the presumption was that the grantor intended thereby to defraud a creditor who had an action pending against her.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 808; Dec. Dig. § 276.*]

2. FRAUDULENT CONVEYANCES (§ 301*)—TRANSFER OF STOCK OF MERCHANDISE —SUFFICIENCY OF EVIDENCE.

Evidence in an action to have a bill of sale to a stock of merchandise declared fraudulent *held* to show that the purchaser was not a bona

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fide purchaser for value, and that the real purpose of the transaction was to hinder plaintiff in the collection of his claim.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 904–907; Dec. Dig. § 301.*]

3. FRAUDULENT CONVEYANCES (§ 282*)—TRANSFER OF STOCK OF MERCHANDISE —BURDEN OF PROOF—DEFENSES.

Where the owner of a stock of goods transferred the same in payment of a debt with intent to defraud her other creditors, the burden was on the grantee, in an action to have the transfer declared fraudulent, to prove, not only that he was a purchaser for value in good faith, but that he had no notice or knowledge of facts which put him on inquiry as to grantor's intent.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 817, 818; Dec. Dig. § 282.*]

Action by Max Tromer against Clara Bader and another to have bill of sale declared fraudulent. Judgment for plaintiff.

Samuel S. Marcus, of New York City, for plaintiff.

Aaron Honig, of New York City, for defendants.

COHALAN, J. [1] Plaintiff brings this action to stamp as fraudulent a bill of sale executed by the defendant Bader to her son-in-law, the defendant Wittner. The facts show that the plaintiff sued the defendant Bader on the 16th day of November, 1911, that the bill of sale was made and delivered on the 23d day of November, 1911, and that the plaintiff secured a judgment against the defendant Bader on the 7th day of December, 1911. It is conceded that the transfer was made during the pendency of the action, that the execution was returned unsatisfied, and that no notice of the contemplated transfer, as required by section 44 of the Personal Property Law of the Consolidated Laws of 1909, was given by either of the defendants to the plaintiff. The bill of sale, therefore, is presumed to be fraudulent and void as against the plaintiff, who was a creditor at the time of the transaction.

[2] The vendee testified that he parted with nothing at the time of the execution of the bill of sale, but that he received it in payment of a pre-existing debt of about $2,000. He asserts that he did not know that the plaintiff was suing his mother-in-law at the time, yet her attorney in that action was the attorney who drew the bill of sale, and is the attorney for both of the defendants in the present action. The many material differences between the testimony of this witness in supplementary proceedings and in his examination before trial, and his testimony at the trial of this action, stamp his story as being untrue and unworthy of belief. Moreover, the day after he received the bill of sale he took possession of the stock, put it on a truck, and delivered it to the ·firm of Laski & Levy, to whom it was sold for about $1,450. This action on the part of the defendant Wittner bears every mark of fraud. Furthermore, the defendant Wittner asserts that his mother-in-law owed him about $2,000, yet the consideration expressed in the bill of sale was $1,000. When pressed for an explanation of this discrepancy, none was forthcoming. The defendant Wittner has

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not sustained the burden of proving that he was a bona fide purchaser for value, and I am of opinion that the real purpose of this transfer was to hinder the plaintiff in the collection of his claim.

[3] The intent on the part of the grantor being to defraud her creditors, the presumption is that such also was the intent of the grantee, and upon him devolved the burden of showing, not only that he was a purchaser for value in good faith, but that he had no notice or knowledge of facts which put him on inquiry as to the intent of the grantor. Gilmour v. Colcord, 96 App. Div. 358, 89 N. Y. Supp. 689.

Judgment for plaintiff.